UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER CHARLES DAY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00362-JMS-MJD |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In 2011, a jury in the Eastern District of Virginia convicted Roger Day of a raft of charges.

He is serving a sentence that includes 105 years in prison, $3 million in fines, and $6 million in

restitution.

Now incarcerated at the U.S. Penitentiary at Terre Haute, Mr. Day petitions this Court for

a writ of habeas corpus. He asks the Court to vacate his sentence on grounds that the trial court

wrongly instructed the jury that it could find him guilty if it found that he aided or abetted the

offenses for which he was charged, even though he was not indicted as an aider or abettor.

Mr. Day's position would require the Court to create new law by extending the Supreme

Court's holding in *Rosemond v. United States*, 572 U.S. 65 (2014), and disregarding Seventh

Circuit aiding-and-abetting precedents from before and after *Rosemond*. Mr. Day's petition is

therefore **denied**, and this action is **dismissed with prejudice**.

**I.  Factual and Procedural Background**

The story of Mr. Day's crimes unfolds like a Hollywood thrill ride, complete with defense

contracts, proprietary software, Belizean bank accounts, and international gold smuggling.

*See generally United States v. Day*, 700 F.3d 713 (4th Cir. 2012). Nothing so sensational is at issue

in this habeas proceeding. Mr. Day's challenges come down to an indictment, an extradition agreement, a jury instruction, and—most important—attentive reading of Supreme Court and Circuit precedents.

In August 2008, a grand jury charged Mr. Day in a ten-count indictment including charges of conspiracy to commit wire fraud, wire fraud, aggravated identity theft, conspiracy to launder monetary instruments, conspiracy to smuggle goods from the United States, and obstruction of justice. *United States v. Day*, no. 3:07-cr-000154-JAG ("crim. dkt."), dkt. 141 (E.D. Va. Aug. 19, 2008). He was in Mexico at the time. Two years later, the Mexican government agreed to extradite Mr. Day to stand trial in the United States—but only on the wire fraud, money laundering, and smuggling charges. Crim. dkt. 210-1 at 156–57. The trial court later dismissed the identity theft and obstruction charges. Crim. dkt. 400.

Following a nine-day jury trial, the government proposed, and the trial judge issued, a jury instruction regarding liability as an aider or abettor. Crim. dkt. 254, instr. 49. Citing 18 U.S.C. § 2, the instruction read that "[a] person may violate the law even though he does not personally do each and every act constituting that offense if that person 'aided and abetted' the commission of the offense." *Id.*

The jury found Mr. Day guilty on all six counts presented. Crim. dkt. 299. The verdict form did not give the jury an opportunity to clarify whether it found Mr. Day guilty of any charge as a principal or as an aider or abettor. *Id.*

Mr. Day raised numerous challenges on appeal, including that the aiding-or-abetting instruction invalidated both his indictment and the extradition agreement. *Day*, 700 F.3d 713. The Fourth Circuit disagreed and affirmed the jury's verdict. *Id.* Mr. Day has pursued several postconviction challenges, none of which has any impact on this habeas corpus action.

Mr. Day's habeas petition relies on *Rosemond* and the Seventh Circuit's subsequent decision *Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016). At bottom, he asserts that these decisions make aiding or abetting a standalone offense that must be charged separately from all other offenses in an indictment, and that the trial court's issuance of an aider-and-abettor instruction without a corresponding charge in the indictment constructively amended his indictment and violated the extradition agreement.

## II. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (citing, *e.g.*, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Relatedly, the Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

### III. Discussion

By basing his petition on *Rosemond* and *Montana*, Mr. Day relies on a rule of statutory interpretation that applies retroactively and was not available at the time of trial or direct appeal. *Montana*, 829 F.3d at 777. However, those decisions do not afford Mr. Day the relief he seeks. Neither *Rosemond* nor *Montana* shows that issuing the aider-or-abettor instruction was a miscarriage of justice. Accordingly, this Court cannot vacate Mr. Day's sentence under § 2241.

A.      **Right to Grand Jury Indictment, Rule of Specialty, and Constructive Amendment**

The Fifth Amendment provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." When a trial court, through its jury instructions, broadens the possible bases for conviction beyond those presented in the indictment, the court is said to have "constructively amended" the indictment. *United States v. Rogers*, 44 F.4th 728, 735 (7th Cir. 2022). A constructive amendment violates the Fifth Amendment by abrogating the right to be prosecuted only for crimes charged by a grand jury, exposing the defendant to the risk of double jeopardy, and depriving the defendant reasonable notice that would allow him to defend against his charges. *Id.* (citing *United States v. Trennell*, 290 F.3d 881, 888 (7th Cir. 2002)).

"The Rule of Specialty, a treaty-law doctrine, holds that a nation seeking return of a person under the terms of an extradition treaty may prosecute the extradited person only to the extent expressly authorized by the surrendering nation in the grant of extradition." *United States v. Stokes*, 726 F.3d 887, 888 (7th Cir. 2013). In the same way a jury instruction that presents a basis for conviction not in the indictment runs afoul of the Fifth Amendment, a jury instruction that introduces a basis for conviction not present in the grant of extradition breaches the Rule of Specialty.

B.      **Aider-or-Abettor Liability, *Rosemond*, and *Montana***

The federal aiding-or-abetting statute consists of two provisions:

(a)  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b)  Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

It is fundamental that § 2 "does not create a separate offense." *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984). "It simply makes those who aided and abetted a crime punishable as principals." *Id.* For this reason, "an indictment need not charge" aiding or abetting "separately. Aiding or abetting is a proper basis of conviction in every prosecution," regardless of what is charged in the indictment. *United States v. Newman*, 755 F.3d 543, 545 (7th Cir. 2014).

In *Rosemond*, the Supreme Court considered what the government must show to prove that a defendant aided or abetted the offense of using, carrying, or possessing a firearm in furtherance of a crime of violence or a drug trafficking crime. *Rosemond*, 572 U.S. at 70. Justice Kagan summarized the Court's holding as follows:

> We hold that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. We also conclude that the jury instructions given below were erroneous because they failed to require that the defendant knew in advance that one of his cohorts would be armed.

*Id.* at 67.

In *Montana*, the petitioner sought § 2241 relief base on *Rosemond*. The Seventh Circuit found that *Rosemond* set out a substantive, retroactively-applicable rule that could afford relief through the savings clause. 829 F.3d at 783. *Montana* did not, however, otherwise expand or extend *Rosemond*'s holding. The Seventh Circuit found that Montana's argument previously available, so he could not proceed under the savings clause. *Id.* at 784–85.

## C.    Analysis

To proceed under the savings clause, a habeas petitioner must establish that his conviction or sentence is the product of an "error" that is "grave enough to be deemed a miscarriage of justice." *Millis v. Segal*, 5 F.4th 830, 833 (7th Cir. 2021). "Case law has not fully fleshed out what constitutes a miscarriage of justice in the context" of the savings clause. *Mangine v. Withers*, 39

6

F.4th 443, 447 (7th Cir. 2022). "Ordinarily," where the alleged miscarriage of justice stems from a jury instruction, the petitioner "would be required to show that, with correct instructions, 'it is more likely than not that no reasonable juror would have convicted him.'" *Mabie v. Bell*, no. 19-2163, 2021 WL 5123705, at *3 (7th Cir. Nov. 4, 2021) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Mr. Day argues that this standard does not apply because, under the rule of specialty, he could not be tried at all as an aider or abettor unless the government secured an indictment on those charges and an agreement from the Mexican government to extradite him to be tried on them.

Ultimately, it does not matter what Mr. Day would have to show to establish that the trial court's error produced a miscarriage of justice. Even accounting for *Rosemond* and *Montana*, the trial court did not err at all by including the aiding-or-abetting instruction. There being no error at all, Mr. Day cannot demonstrate that the trial court committed an error "grave enough to be deemed a miscarriage of justice." *Davis*, 863 F.3d at 964.

### 1.    *Rosemond* and *Montana*

This is the crux of Mr. Day's petition:

> Following *Rosemond* and *Montana*, it has become clear that a conviction for aiding and abetting an underlying primary offense has different elements than a conviction as a principal for the same offense, though they are to be held just as liable for punishment and are "punishable as a principal."

Dkt. 49 at 6. According to Mr. Day, aiding or abetting is a standalone offense, or at least aiding or abetting a particular crime is an offense distinct from the crime being aided or abetted. He contends that *Rosemond* and *Montana* held that, to prove aiding or abetting, the government must prove elements it would not have to prove if it charged only the underlying offense, so it must be indicted separately. *See also id.* at 7, 10–11.

Simply put, this position finds no support from *Rosemond*, *Montana*, or any Seventh Circuit decision applying either precedent.

In *Rosemond*, the Supreme Court held that the government must prove aiding or abetting a violation of § 924(c) "by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67. No text from the opinion can be fairly read as holding that aiding or abetting § 924(c) is legally different from violating § 924(c) as a principal or that it must be charged differently.

In *Montana*, the Seventh Circuit found that *Rosemond* applies retroactively and that the argument it supports was previously available to the petitioner. No text from the opinion can be fairly read as identifying or clarifying any new burden on prosecutors who would seek to prove a defendant guilty as an aider or abettor.

### 2. *Montana*'s Reference to "Elements"

Mr. Day makes much of *Montana*'s use of the term "elements" to refer to different aspects of aider or abettor liability. Specifically, *Montana* framed the two-part showing required to prove aiding or abetting a § 924(c) offense after *Rosemond* as consisting of a "participation element" and an "intent element." *See* 829 F.3d at 780. "Calling a particular kind of fact an 'element,'" Mr. Day implores, "carries certain legal consequences." Dkt. 49 at 7 (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)). According to Mr. Day, the consequence is the creation of a distinct criminal offense. *Id.* at 6–7.

This argument relies on strained readings of *Montana* and *Richardson*.

*Montana* refers both to the "elements" of *Rosemond*'s aiding-or-abetting analysis and the "elements" of the underlying crime to be proved. For example: *Rosemond* "acknowledged, with

respect to the *participation* element, that 'a defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense.'" *Montana*, 829 F.3d at 780 (cleaned up) (quoting *Rosemond*, 572 U.S. at 73). And: "a proper application of the *intent* element, the Court held, requires that the Government must prove 'a state of mind extending to the entire crime.'" *Id.* (quoting *Rosemond*, 572 U.S. at 75–76). *Montana* faithfully portrays *Rosemond* as clarifying "the interplay between aiding-and-abetting liability under 18 U.S.C. § 2 and the substantive firearms offense in 18 U.S.C. § 924(c)," 829 F.3d at 778, not as holding that 18 U.S.C. § 2 codifies a substantive criminal offense that must be charged separately from the underlying offense.

*Richardson*, meanwhile, refers to the statutory elements Congress erects when it drafts statutes and that the United States must prove in its prosecutions. The broader passage to which Mr. Day refers states:

> Federal crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime. A (hypothetical) robbery statute, for example, that makes it a crime (1) to take (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank would have defined the crime of robbery in terms of the five elements just mentioned. [. . .] Calling a particular kind of fact an "element" carries certain legal consequences. [. . .] The consequence that matters for this case is that a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element.

526 U.S. at 817 (internal citations omitted). This passage from *Richardson* merely recites a foundational concept of criminal law. It does not hold that every subsequent appearance of the word "element" in a Supreme Court or Seventh Circuit opinion codifies a new criminal offense.

**3.    Application of *Rosemond* and *Montana* in the Seventh Circuit**

Neither the Supreme Court in *Rosemond* nor the Seventh Circuit in *Montana* conveyed any intent to amend 18 U.S.C. § 2 from a statute describing how criminal liability may be proved to a statute stating the elements of a crime. If *Rosemond* or *Montana* left any doubt, the Seventh

Circuit's other post-*Rosemond* decisions erased it. In 2014, only months after *Rosemond*, the Seventh Circuit stated unequivocally that "an indictment need not charge the § 2 offense separately" and "Aiding or abetting is a proper basis of conviction in every prosecution." *Newman*, 755 F.3d at 545–46 (citing *Rosemond*).[1] Nothing in *Montana* addresses these decisions, much less overturns them. And, barely a year ago, the Seventh Circuit declined to apply *Rosemond* or *Montana* outside the context of § 924(c):

> Cano was not convicted under § 924(c), so it is not clear how *Rosemond* affects his case; he seems to believe the decision supports his theory that the government constructively amended his indictment, but we do not see how.

*See Cano v. Daniels*, no. 18-2722, 2021 WL 9493759, at *1 (7th Cir. Aug. 20, 2021)). Mr. Day was not convicted of a § 924(c) offense, so it is not clear that even his preferred interpretation of *Rosemond* and *Montana* could afford him any relief.

**D.     Conclusion**

Mr. Day has not identified a legal error amounting to a miscarriage of justice. In fact, he has not identified a legal error at all. Mr. Day asks this Court to grant him habeas relief by interpreting aider-or-abettor liability in a manner that the Seventh Circuit has rejected. He asks the Court to create a new rule—in essence, a new criminal statute—if not from whole cloth, then based on semantics and Supreme Court dicta applied out of context. His petition fails as a matter of law.

**IV. Conclusion**

Mr. Day's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is **with prejudice**. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order will now issue.

---

[1] *See also United States v. Cejas*, 761 F.3d 717, 728 (7th Cir. 2014) (quoting *Newman*).

**SO ORDERED.**


Date: 12/19/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

Elliott Harding
Harding Counsel, PLLC
elliott@hardingcounsel.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov